UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALHASSAN KABBA,

|  |  |  |
|---|---|---|

                               Plaintiff,

               v.

THE UNITED STATES OF AMERICA,
JEFFREY SEARLS,
RN ERIN SLATTERY,
BUFFALO FEDERAL DETENTION FACILITY,
SHELLEY R. GOAD,
ELIZABETH CHAPMAN,
THOMAS FEELEY, and
DARUS REEVE,

                           Defendants.
_____

DECISION
and
ORDER

20-CV-237F
(**consent**)

APPEARANCES:        ALHASSAN KABBA, *Pro se*
                                 078809681
                                 Buffalo Federal Detention Center
                                 4250 Federal Drive
                                 Batavia, New York  14020

                                 JAMES P. KENNEDY, JR.
                                 UNITED STATES ATTORNEY
                                 Attorney for Defendant Feeley
                                 DANIEL BARRIE MOAR
                                 Assistant United States Attorney, of Counsel
                                 Federal Centre
                                 138 Delaware Avenue
                                 Buffalo, New York  14202

                                 MARKS O'NEILL O'BRIEN DOHERTY & KELLY, P.C.
                                 Attorneys for Defendant Slattery
                                 KAREN M. LAGER, and
                                 SYDNEY ALEXIS FETTEN, of Counsel
                                 708 Third Avenue
                                 Suite 2500
                                 New York, New York  10017

**JURISDICTION**

On April 9, 2021, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  The matter is presently before the court on multiple motions including Defendant Slattery's motion to dismiss for lack of jurisdiction (Dkt. 46), filed July 8, 2020, Defendant Feeley's motion to dismiss (Dkt. 63), filed October 9, 2020, Defendant Feeley's motion to strike Plaintiff's amended complaint filed without leave of court (Dkt. 78), filed April 1, 2021, and motions filed by Plaintiff for (1) appointment of counsel and for Defendants to show cause for failing to file answers (Dkt. 48), filed July 22, 2020; (2) a second order directing Defendants to show cause as to why they failed to file answers (Dkt. 52), filed July 29, 2020; (3) an amended order for Defendants to show cause explaining why they failed to file answers (Dkt. 62), filed September 18, 2020; (4) an order for Defendants to show cause why Plaintiff was denied the right to a commissary buy and medical visitation (Dkt. 70), filed November 5, 2020; (5) an order directing Defendants to show cause why they have not responded to Plaintiff's motion of November 5, 2020 and for summary judgment (Dkt. 74); (6) an order directing Defendants to respond to Plaintiff's pending motions and requesting summary judgment (Dkt. 85), filed May 5, 2021; and (7) seeking a default judgment based on Defendants' failure to file an answer (Dkt. 86), filed June 30, 2021.

**BACKGROUND**

Plaintiff Alhassan Kabba ("Plaintiff"), is a civil immigration detainee being held at Buffalo Federal Detention Facility ("BFDF") in Batavia, New York.  On February 24, 2020, Plaintiff filed the original Complaint (Dkt. 1), against Defendant United States of

America, alleging civil rights claims under 42 U.S.C. § 1983, when his mail was interfered with and Plaintiff was denied release on bond. Plaintiff filed "amended" complaints on March 4, 2020 (Dkt. 3), March 5, 2020 (Dkt. 4), April 2, 2020 (Dkt. 5), April 10, 2020 (Dkt. 6), and April 20, 2020 (Dkt. 8), adding allegations and Defendants. In a Decision and Order filed April 24, 2020 (Dkt. 10) ("April 24, 2020 D&O"), the court, pursuant to 28 U.S.C. § 1915(e)(2)(B), screened all the Complaints for legally insufficient claims and construed the amended complaints as "supplemental" complaints, with Plaintiff advised that each amended complaint supersedes and replaces any earlier complaints. April 24, 2020 D&O at 1 & n. 1. The court also granted Plaintiff permission to proceed *in forma pauperis*, allowed Plaintiff's claim that he was denied repeated requests to be tested for COVID-19 to proceed against an unidentified BFDF nurse, granted Plaintiff leave to file an amended complaint with regard to other claims, and construed Plaintiff's motion for injunctive relief as a motion for a preliminary injunction for COVID-19 testing and treatment. *Id*. at 16. Further, until Nurse Doe was identified, Defendant Searls would remain as a "nominal" Defendant. *Id*.

On May 14, 2020, Plaintiff filed an amended complaint (Dkt. 23) ("Amended Complaint"), asserting civil rights violations against Defendants Jane Doe, Nurse ("Nurse Doe"), Buffalo Federal Detention Facility Medical ("BFDF Medical"), Shelley R. Goad ("Goad"), Elizabeth Chapman ("Chapman"), Thomas Feeley ("Feeley"), and Darus Reeve ("Reeve"). On May 18, 2020, Plaintiff filed a motion to supplement the Amended Complaint (Dkt. 30) ("Plaintiff's Motion to Supplement"). On May 22, 2020, Plaintiff filed exhibits in support of the Amended Complaint (Dkt. 35). By Text Order entered May 28, 2020 (Dkt. 38), the court, upon notification by Defendants that Nurse Doe had been

identified as Erin Slattery, R.N. ("Nurse Slattery"), granted Plaintiff's Motion to Supplement and ordered the substitution of Nurse Slattery for Defendant Nurse Doe. With Slattery's substitution for Defendant Nurse Doe, Searls, in accordance with the April 24, 2020 D&O, was terminated as a Defendant. In a June 1, 2020 Decision and Order (Dkt. 40) ("June 1, 2020 D&O"), Plaintiff's request for a preliminary injunction to receive testing and treatment for COVID-19 was denied.

On June 8, 2020, Defendant Nurse Slattery moved to dismiss the action for lack of jurisdiction (Dkt. 46) ("Slattery's Motion to Dismiss"), attaching the Declaration of Sydney A. Fetten, Esq. in Support of Defendant Slattery's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) (Dkt. 46-1) ("Fetten Declaration"), exhibits A through J (Dkts. 46-2 through 46-11) ("Slattery's Exh(s). __"), and the Memorandum of Law in Support of Defendant Slattery's Motion to Dismiss (Dkt. 46-12) ("Slattery's Memorandum"). On July 22, 2020, Plaintiff filed a motion seeking appointment of counsel, an order to show cause, and an order vacating Slattery's Motion to Dismiss (Dkt. 48) ("Plaintiff's First Show Cause Motion").

In a Decision and Order filed July 23, 2020 (Dkt. 49) ("July 23, 2020 D&O"), the court screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed all claims asserted against Defendants United States of America, Goad, Chapman, and Reeve, with such Defendants terminated, and also dismissed claims pertaining to review of Plaintiff's custody asserted against Defendant Feeley. July 23, 2020 D&O at 10. Plaintiff's remaining claims include claims against Defendants Slattery and Feeley. With regard to Defendant Slattery, Plaintiff claims Slattery refused to test and treat Plaintiff for COVID-19, despite Plaintiff, who is a chronic asthmatic and thus at

an increased risk for the disease, displaying symptoms of fever, coughing, and difficulty breathing. Amended Complaint at 5-7. Plaintiff also claims Defendant Feeley intentionally and willfully deactivated Plaintiff's detainee account at the BFDF, thereby depriving Plaintiff's family members of the ability to deposit money into the account, *id*. at 77, and denied Plaintiff family visitation by falsely informing Plaintiff's family members that Plaintiff was no longer housed in BFDF. *Id*. On July 29, 2020, Plaintiff moved for an order directing Defendants to show cause for failing to respond to Dkts. 23, the Amended Complaint, and 30, Plaintiff's Motion to Supplement (Dkt. 52) ("Plaintiff's Second Show Cause Motion").

On August 21, 2020, Slattery filed the Memorandum of Law in Opposition to Plaintiff's Motion (Dkt. 55) ("Slattery's Response to Plaintiff's First Motion to Show Cause"), and Defendant's Rule 56.1 Counterstatement of Undisputed Material Facts (Dkt. 55-1) ("Slattery's Statement of Facts").

On September 18, 2020, Plaintiff filed an Amended Motion for Order to Show Cause (Dkt. 62) ("Plaintiff's Third Show Cause Motion"). On October 9, 2020, Defendant Feeley filed a Motion to Dismiss (Dkt. 63) ("Feeley's Motion to Dismiss"), the Memorandum of Law in Support of Motion to Dismiss (Dkt. 64) ("Feeley's Memorandum - Dismiss"), and the Declaration of Thomas E. Feeley (Dkt. 65) ("Feeley Declaration"), attaching exhibit A (Dkt. 65-1) ("Feeley Declaration Exh. A"). On November 2, 2020, Plaintiff filed a response to Feely's Motion (Dkt. 68) ("Plaintiff's Response – Feeley's Motion to Dismiss"). On November 5, 2020, Plaintiff filed a motion for an order directing Defendants Slattery and Feeley show cause why Plaintiff was denied his asserted

constitutional right to purchase items from the BFDF's commissary (Dkt. 70) ("Plaintiff's Fourth Motion to Show Cause"), attaching an affidavit and exhibits in support.

On February 19, 2021, Plaintiff filed a motion seeking declaratory and injunctive relief, attempting to assert new claims against new defendants, and requesting summary judgment (Dkt. 74) ("Plaintiff's First Summary Judgment Motion"). On April 1, 2021, Defendant Slattery filed the Memorandum of Law in Opposition to Plaintiff's Motion (Dkt. 77) ("Slattery's Response in Opposition to Summary Judgment"), and Defendant's Rule 56.1 Counterstatement of Undisputed Material Facts (Dkt. 77-1) ("Slattery's Counterstatement of Facts"). On April 2, 2021, Defendant Feeley filed a Notice of (Cross) Motion to strike the Amended Complaint (Dkt. 78) ("Feeley's Motion to Strike"), attaching the Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant Feeley's Motion to Strike (Dkt. 78-1) ("Feeley's Memorandum – Strike"). On April 26, 2021, Plaintiff filed a reply in further support of summary judgment and in opposition to Defendants' dispositive motions (Dkt. 83) ("Plaintiff's Reply), attaching in support Plaintiff's medical records (Dkt. 83-1) ("Plaintiff's Medical Records"). On April 28, 2021, Plaintiff filed a motion that essentially reiterates his prior motion for summary judgment (Dkt. 85) ("Plaintiff's Second Summary Judgment Motion"). On June 30, 2021, Plaintiff filed a motion seeking entry of default against named Defendant BFDF Medical (Dkt. 86) ("Plaintiff's Motion for Default").

Oral argument was deemed unnecessary.

Based on the following, Plaintiff's First, Second, Third and Fourth Show Cause Motions are DENIED; Plaintiff's First and Second Summary Judgment Motions are DENIED; Slattery's Motion to Dismiss is GRANTED; Feeley's Motion to Dismiss is

GRANTED; Feeley's Motion to Strike is GRANTED; Plaintiff's Motion for Default is DENIED; the Clerk of Court is directed to enter judgment in favor of Defendants and to close the file.

## **FACTS**[1]

Plaintiff Alhassan Kabba ("Plaintiff" or "Kabba"), is a civil immigration detainee currently held at Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. At all times relevant to this action, medical and staffing support services to Immigration and Customs Enforcement Health Services Corps ("IHSC"), including at BFDF, were provided by STG International, Inc. ("STGi"), pursuant to a contract with U.S. Immigration and Custom Enforcement ("ICE") and Department of Homeland Security ("DHS"). Defendant Erin Slattery, R.N. ("Nurse Slattery" or "Slattery"), is an STGi employee assigned to BFDF. It is undisputed that Plaintiff has a history of asthma attacks. On April 12, 2020, Plaintiff exhibited fever, cough and shortness of breath, yet on April 13, 2020, Nurse Slattery did not find Plaintiff's symptoms sufficiently severe to warrant a COVID-19 test. Slattery did not treat Plaintiff after April 2020.

Defendant Thomas M. Feeley ("Feeley"), is the Field Office Director for DHS and ICE, Enforcement and Removal Operations ("ERO"), whose responsibilities include the Buffalo Field Office and BFDF. In that position, Feeley is responsible for supervising ICE-ERO Operations in 48 counties in New York State, including the BFDF. BFDF contracts with Akima Global Services, LLC ("Akima"), a private contractor, to handle many operations at BFDF, and Akima subcontracted for the operation of detainee

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

commissary accounts by Access Corrections ("Access"). Plaintiff alleges Feeley

blocked Plaintiff's brother from deposited funds into Plaintiff's BFDF commissary

account and barred Plaintiff from accessing the funds in such account, thereby

preventing Plaintiff from making commissary purchases. Plaintiff further alleges Feeley

falsely told Plaintiff's family members that Feeley was no longer held at BFDF, thereby

denying Plaintiff visitation.


## DISCUSSION

**1. Civil Rights Claims**

Plaintiff asserts civil rights claims against Defendants pursuant to 42 U.S.C.

§ 1983 ("§ 1983"), including a violation of his Eighth Amendment based on an alleged

denial of medical care by Defendant Slattery who failed to test or treat Plaintiff for

COVID-19. Amended Complaint at 5-7. Plaintiff also alleges Defendant Feeley

"intentionally and willfully" closed Plaintiff's detainee commissary account to prevent

Plaintiff's family from depositing funds into the account, and also falsely advised

Plaintiff's family members that Plaintiff was no longer housed at BFDF, thereby

depriving Plaintiff of visits with his family. Amended Complaint at 77. In the July 23,

2020 D&O, this claim was construed as alleging a violation of Plaintiff's right to equal

protection under the Fifth Amendment Due Process Clause. July 23, 2020 D&O at 8.

Preliminarily, the court observes that a civil rights action pursuant to 42 U.S.C. §

1983 lies only against state actors acting under color of state law, *Connecticut v.*

*Gabbert,* 526 U.S. 286, 290 (1999) ("Section 1983 provides a federal cause of action

against any person who, acting under color of state law, deprives another of his federal

rights"), and does not lie against the federal government, its agencies, or employees. *Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 4(2d Cir.1991) (an action brought pursuant to § 1983 "cannot lie against federal officers."). As such, insofar as Plaintiff denominates his civil rights claims as asserted pursuant to 42 U.S.C. § 1983, the claims should be dismissed for failure to state a claim; nevertheless, given that Plaintiff is *pro se,* and in light of the Supreme Court's instruction that pleadings of *pro se* litigants are to be broadly construed, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), the court construes the Complaint as asserting a so-called "*Bivens*" action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ("Bivens").[2] *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994) (holding where a plaintiff erroneously files a § 1983 claim against federal defendants, the court properly construes the complaint as stating a cause of action under *Bivens* ).

"A *Bivens* action is a blunt and powerful instrument for correcting constitutional violations and not an 'automatic entitlement' associated with every governmental infraction." *Benzman v. Whitman,* 523 F.3d 119, 125 (2d Cir.2008) (quoting *Wilkie v. Robbins,* 551 U.S. 537, 550 (2007)). The purpose of a *Bivens* cause of action "is to deter unconstitutional behavior by individual federal officials." *Id.* (citing *Carlson v. Green,* 446 U.S. 14, 21 (1980). As such, "[t]he Supreme Court has cautioned 'hesitation' before 'authorizing a new kind of federal litigation' in the *Bivens* context." *Id.* (quoting *Wilkie,* 551 U.S. at 550 (further internal quotation marks omitted)). *See Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1857 (2017) ("[E]xpanding the *Bivens* remedy is

---

[2] In *Bivens*, the Supreme Court held that a federal cause of action for violation of a federally protected constitutional right, there, the Fourth Amendment, was implied by the specific constitutional protection at issue allowing recovery of money damages against federal officers acting under color of federal authority. *Bivens*, 403 U.S. at 398.

now a disfavored judicial activity.") (internal quotation omitted).  In fact, *Bivens* claims have been recognized only in the context of the Fourth Amendment, *Bivens,* 403 U.S. at 398, the equal protection component of the Fifth Amendment, *Davis v. Passman,* 442 U.S. 228, 243–44 (1979), and the Eighth Amendment, *Carlson v. Green,* 446 U.S. 14, 18–19 (1980).  Furthermore, the existence of an adequate alternative remedy, including a comprehensive remedial scheme, precludes recognizing additional *Bivens* claims. *Dotson v. Griesa,* 398 F.3d 156, 167 (2d Cir.2005) (the overall comprehensiveness of a statutory scheme at issue, rather than the adequacy of the particular remedies afforded, counsels judicial caution in implying existence of a *Bivens* action).  *See also Benzman,* 523 F.3d at 125–26 (observing hesitancy to recognize *Bivens* cause of action where alternative remedial scheme exists).

 In the instant case, the court considers the pending motions pursuant to *Bivens* as based on Plaintiff's asserting a violation of the equal protection component of the Fifth Amendment and the Eighth Amendment's prohibition against failure to treat.

## 2.    Plaintiff's Show Cause Motions

Plaintiff filed four motions seeking court orders directing Defendants to show cause, including Dkts. 48, 52, 62, and 70.  Plaintiff's First and Second Show Cause Motions (respectively, Dkts. 48 and 52), are substantially the same, the only discernible difference being Plaintiff's signature on Plaintiff's Second Show Cause Motion is notarized.  *Compare* Dkt. 48 at 3 (Plaintiff's signature is not notarized), *with* Dkt. 52 at 3 (Plaintiff's signature is notarized), and these two motions are addressed together. [3]

---

[3] The court notes another, essentially identical, motion (Dkt. 59) seeking the same relief was denied by Text Order entered September 18, 2020.

The relief requested in Plaintiff's First and Second Motions to Show Cause includes a court order directing Defendant Slattery to show cause for failing to answer the Amended Complaint, as supplemented by Dkt. 30, and vacating the July 8, 2020 Text Order establishing deadlines for Plaintiff to file a response and Slattery to file any reply regarding Slattery's Motion to Dismiss (Dkt. 46), as well as appointment of counsel. Insofar as Plaintiff seeks an order directing Slattery show cause for failing to file an answer to the Amended Complaint, as supplemented to substitute Slattery for Nurse Doe, as Defendant Slattery argues, Slattery's Response to Plaintiff's First Motion to Show Cause (Dkt. 55) at 10, the filing of a pre-answer motion to dismiss pursuant to Fed.R.Civ.P. 12(b) obviated the need for Slattery to file an answer prior to the court's resolution of such motion. *See* Fed.R.Civ.P. 12(a)(4)(A) (providing where pre-answer motion to dismiss is filed, responsive pleading "must be served within 14 days after notice of the court's action [on the motion]"). *See also* Fed.R.Civ.P. 12 ("A pre-answer motion under Rule 12(b) tolls the time to answer until after the court rules on the motion."); *Greater Buffalo Press, Inc. v. Harris Corp*., 1987 WL 18693, at * 10 (W.D.N.Y. Oct. 22, 1987) ("The defendants' motion to dismiss . . . pursuant to Fed.R.Civ.P. rule 12(b)(6) clearly tolls the time in which the defendants may answer."). As such, Slattery is not required to file any responsive pleading to the Amended Complaint, as supplemented, until after Slattery's Motion to Dismiss is resolved.

With regard to Plaintiff's request that the court vacate the July 8, 2020 Text Order establishing deadlines for Plaintiff to respond in opposition to, and for Slattery to reply in further support of, Slattery's Motion to Dismiss (Dkt. 46), Plaintiff fails to point to any case law supporting Plaintiff's opposition to the briefing schedule, and the court's

research reveals none.  Moreover, establishing briefing schedules for motions is exclusively within the court's jurisdiction.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) ("'It is well established that district courts possess the inherent power and responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (further quotation omitted)).  Accordingly, the motions are DENIED on this ground.

Further, a generous construction of such motions strongly implies Plaintiff is seeking dismissal of Slattery's Motion to Dismiss based on Plaintiff's understanding that the matter is "properly venued in the Western District of New York."  Plaintiff's First Show Cause Motion at 1; Plaintiff's Second Show Cause Motion at 2.  Although improper venue is a basis for a pretrial motion to dismiss under Rule 12(b)(3), Defendant Slattery does not move to dismiss for improper venue but, rather, moves pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted.  *See* Slattery's Memorandum at 4-13.  Plaintiff's argument thus does not address Defendant Slattery's arguments in support of dismissal.

With regard to Plaintiff's request for appointment of counsel, under 28 U.S.C. § 1915(e), the court may appoint counsel to assist indigent litigants, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The court must evaluate "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to

obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Particular attention must be paid to the merits of the plaintiff's claim. *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))). This is because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Id.* Additionally, for persons in custody, the court must also give weight to the plaintiff's lack of practical access to attorneys. *Id.* at 173-74.

In the instant case, Plaintiff is detained at BFDF, and has previously been granted leave to proceed *in forma pauperis*, thus meeting the threshold for appointment of counsel. Nevertheless, on balance, the *Cooper* factors weigh against appointing counsel at this time. As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." *Cooper*, 877 F.2d at 173. Plaintiff states that without appointment of counsel, he will be unable to continue this litigation. See, e.g., Dkt. 48 at 3. Without more, however, this is insufficient to warrant the appointment of counsel.

In particular, Plaintiff has not established that he has a likelihood of success on the merits and, as discussed below in connection with the motions to dismiss and for summary judgment, the record fails to state a viable claim against Defendants Slattery or Feeley. Discussion, *infra*, at 15-20. The balance of the factors set forth in *Cooper* thus weighs against appointment of counsel.

Accordingly, Plaintiff's First and Second Show Cause Motions are DENIED.

Plaintiff's Third Show Cause Motion repeats the request with regard to Slattery's failure to answer the Amended Complaint and to vacate the July 8, 2020 briefing schedule, and is thus DENIED as to such requests for the same reasons discussed in connection with the First and Second Show Cause Motions.  *See* Discussion, *supra*, at 11-12.  Plaintiff adds in his Third Show Cause Motion that he never received a copy of Feeley's letter filed August 26, 2020, to which Plaintiff, by Text Order entered August 27, 2020 (Dkt. 57), was ordered to file any response by September 1, 2020.  Because Defendants have not responded in opposition to Plaintiff's Third Show Cause Motion, this aspect of the motion is not addressed.

A plain review of the docket establishes that by letter dated August 26, 2020 (Dkt. 56) ("August 26, 2020 Letter"), AUSA Moar advised the court that Feeley's representation in this action would be provided through the Department of Justice, and requested extending Feeley's time to file an answer or otherwise respond to the Amended Complaint to October 9, 2020, which deadline would be in accordance with the timeline of 60 days from service provided by Fed.R.Civ.P. 12.  August 26, 2020 Letter at 1.  Although a certificate of service filed August 27, 2020 (Dkt. 58) indicates AUSA Moar mailed a copy of the August 26, 2020 Letter to Plaintiff at the BFDF, even assuming, *arguendo*, Plaintiff never received the copy, no further action is required because the record establishes Feeley returned service on August 12, 2020 (Dkt. 54), such that Feeley had until October 9, 2020 to file either an answer or pre-answer motion pursuant to Rule 12(b), and no permission from the court was needed to do so.  Further,

Feeley's filing on October 9, 2020 of his motion to dismiss (Dkt. 63), renders moot Plaintiff's Third Show Cause Motion.

Plaintiff's Fourth Show Cause Motion seeks an order vacating the motions by Slattery and Feeley to dismiss, asserting case law establishes Plaintiff's civil rights were violated by the denial of medical care, Dkt. 70 at 1-3, and the closing of Plaintiff's detainee commissary account. *Id*. at 4-5. Plaintiff, however, references no case law or other legal authority permitting the court to decide dispositive motions based solely on Plaintiff's bald, conclusory, assertions that the motions are without merit, and the court's research reveals none. Accordingly, Plaintiff's Fourth Show Cause Motion is DENIED.

## 3.    Slattery's Motion to Dismiss

Defendant Slattery moves to dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2), and (6), for, respectively, lack of subject matter jurisdiction, lack of personal jurisdiction, and for failing to state a claim for which relief can be granted. Other than filing the motions seeking orders to show cause discussed above, Discussion, *supra*, at 10-15, Plaintiff has not responded in opposition to Slattery's Motion to Dismiss.

As Slattery argues, a *Bivens* action is limited and does not extend to private actors. Slattery's Memorandum at 7-8 (citing *Minneci v. Pollard*, 565 U.S. 118, 120-21 (2012) ("*Minneci*")). Significantly, in *Minneci*, the Supreme Court declined to extend under *Bivens* an Eighth Amendment claim based on an alleged deprivation of adequate medical care by privately managed health care personnel. *Minneci*, 565 U.S. at 125-26. In rejecting the plaintiff's claim, the Court observed that it was not necessary to extend *Bivens* because the plaintiff, although ordinarily prevented from bringing a tort action

under state law against an employee of the Federal government, was not similarly prohibited from bringing such an action against an employee of a private firm. *Id*. at 126-27. Nor must the cause of action available under state law, such as for medical malpractice, be "perfectly congruent" with the Eighth Amendment inadequate medical care claim for a court to refrain from providing a new *Bivens* remedy. *Id*. at 129-30. Similarly, in the instant case, declining to extend *Bivens* to Plaintiff's inadequate medical care claim asserted against Defendant Slattery does not prohibit Plaintiff from bringing a medical malpractice claim against Slattery under New York law if not now time-barred.

The court is thus without subject matter jurisdiction over Plaintiff's Eighth Amendment claim asserted against Defendant Slattery.[4] Accordingly, Slattery's Motion to Dismiss is GRANTED.

**4.    Feeley's Motion to Dismiss**

Defendant Feeley moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Amended Complaint as against him for failing to state a claim, arguing Plaintiff's allegations against Feeley are conclusory and insufficient, Feeley's Memorandum – Dismiss at 4-5, there is no constitutional right to commissary or visitation, *id*. at 5-6, there is no remedy under *Bivens* for the equitable relief Plaintiff seeks, *id*. at 6-9, Plaintiff's allegations are outside the scope of a *Bivens* claim, *id*. at 9-11, Feeley is qualifiedly immune from any liability on the asserted claims, *id*. at 11-13, and Plaintiff failed to name as a defendant one "Keefe *d/b/a* Access Corrections," the entity, if any, that froze Plaintiff's commissary account. *Id*. at 13-15. Other than filing two separate

---

[4] Because the court is dismissing the Amended Complaint as against Defendant Slattery for lack of subject matter jurisdiction, the court does not reach Slattery's alternative arguments in support of dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and pursuant to Rule 12(b)(6) for failure to state a claim.

motions for summary judgment, Plaintiff has not responded in opposition to Feeley's arguments.

On a motion to dismiss, the court's consideration generally is limited to the four corners of the complaint; if matters outside the pleadings are presented and the court relies on such matters in deciding the motion, the motion must be converted to one for summary judgment with notice of the conversion provided to the non-movant. *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "In ruling on a 12(b)(6) motion, . . . a court may consider the complaint as well as 'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference.'" *Kalyanaram v. American Ass'n of University Professors at New York Institute of Technology, Inc.*, 742 F.3d 42, 44 n. 1 (2d Cir. 2014) (quoting *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001)) (bracketed material in original).

In considering a Rule 12(b)(6) motion, the Supreme Court requires application of "a 'plausibility standard' which is guided by '[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "First, although a 'court must accept as true all of the allegations contained in a complaint,' that 'tenet' is 'inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a

plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

Preliminarily, the court observes that Feeley asserts in support of dismissal that he was not personally involved in freezing Plaintiff's BFDF commissary account, Feeley Declaration ¶¶ 6-9, nor in determining whether to admit visitors to the BFDF which Feeley explains was temporarily curtailed because of the COVID-19 pandemic, *id.* ¶¶ 10-12. Although *Bivens* actions, like § 1983 claims, require the putative defendant to have personal involvement in the alleged constitutional violation, *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006), here, Feeley's statements regarding his involvement in Plaintiff's BFDF commissary account and visitation are outside the pleadings and, thus, are not to be considered by the court on a motion to dismiss for failure to state a claim. *Kalyanaram*, 742 F.3d at 44 n. 1.

With regard to Plaintiff's claims against Defendant Feeley, as Feeley asserts, Feeley's Memorandum – Dismiss at 6-9, the only relief Plaintiff seeks in his claims against Feeley is an order directing Feeley to cease depriving Plaintiff of his rights to the

commissary and visitation.  Because a remedy under *Bivens* is limited to monetary relief, *see Polanco v U.S. Drug Enforcement Admin.*, 158 F.3d 647, 650 (2d Cir. 1998) (holding district court erred in construing complaint seeking equitable relief, rather than monetary damages, as asserting a *Bivens* action), Plaintiff cannot obtain such equitable relief.

Even liberally construing the Amended Complaint to seek monetary damages, Plaintiff's claim that Feeley froze Plaintiff's detainee commissary account, as Defendant Feeley argues, Feeley's Memorandum – Dismiss at 4-5, fails to state a claim because there is no constitutional right to access to a commissary.  *See Montalvo v. Lamy*, 139 F.Supp.3d 597, 606 (W.D.N.Y. Sept. 30, 2015) ("prisoners have no constitutional right to access a commissary") (citing cases); *Davis v. Shaw*, 2009 WL 1490609, at * 1 (S.D.N.Y. May 20, 2009) (pre-trial detainee does not have constitutional right to access a commissary).  Nor do pre-trial detainees have a federally-created liberty interest in visitation.  *See Black v. Rutherford*, 468 U.S. 576, 586-87 (1984) (county jail's blanket prohibition against contact visits between pretrial detainees and family and friends was reasonable, nonpunitive response to legitimate security concerns and consistent with Fourteenth Amendment Due Process).  Here, even if Plaintiff was denied visitation, Plaintiff fails to allege such denial was not pursuant to any legitimate security concerns. Further, although the cited cases involve constitutional challenges under § 1983, because such alleged deprivations have not been held to violate a prisoner or pre-trial detainee's rights under § 1983, there is no basis to extend constitutional protection to civil immigration detainees under *Bivens*.  *See Bivens,* 403 U.S. at 398 (limited to Fourteenth Amendment due process claim); *Carlson,* 446 U.S. at 18–19 (extending

*Bivens* to Eight Amendment claims); and *Davis,* 442 U.S. at 243–44 (extending *Bivens* to Fifth Amendment claims based on violation of equal protection).

Moreover, insofar as Plaintiff's denial of visitation claim was found to survive screening based on a violation of the equal protection component of the Fifth Amendment, July 23, 2020 D&O at 8, the claim is to be analyzed according to Fourteenth Amendment equal protection claims, *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997), which "'keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike.'" *Id.* (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). In the instant case, however, Plaintiff fails to identify any other detainee who was permitted visitation while Plaintiff was denied. Thus, Plaintiff's visitation denial claim lacks plausibility.

Defendant Feeley's Motion to Dismiss is GRANTED.

## 5.    Plaintiff's First and Second Motions for Summary Judgment and Feeley's Motion to Strike

Plaintiff filed two motions for summary judgment essentially consisting of bald, requests for such relief and providing no substantive argument in support. Plaintiff's First Summary Judgment Motion at 1-2; Plaintiff's Second Summary Judgment Motion at 1-3. Both Slattery and Feeley oppose summary judgment on this ground. Slattery's Response in Opposition to Summary Judgment at 1-10; Feeley's Memorandum – Strike at 14.

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). In the instant case, Plaintiff points to no evidence supporting summary judgment in his favor. Accordingly, insofar as Plaintiff seeks summary judgment, such motions are DENIED.

Plaintiff's First Summary Judgement Motion attempts to assert additional claims against new defendants not previously named, Plaintiff's First Summary Judgment Motion at 1-2, which Defendant Feeley seeks to strike. Feeley's Memorandum – Strike at 6-14. Fed.R.Civ.P. 15(a)(1)(B) provides for a plaintiff to amend pleadings once as a matter of course within 21 days after service of a motion pursuant to Rule 12(b). In the instant case, Feeley's Motion to Dismiss is the most recent motion seeking relief under Rule 12(b), and was filed on October 9, 2020 (Dkt. 63), such that Plaintiff's time to file a further amended pleading as a matter of course and without leave of court expired on October 30, 2020 without a filing by Plaintiff. As such, insofar as Plaintiff's First Summary Judgment Motion also seeks to assert new claims against new defendants, it is not timely filed and Plaintiff was required to seek leave to do so.

Accordingly, Defendant Feeley's Motion to Strike is GRANTED.

**6.     Plaintiff's Motion for Entry of Default**

Most recently, Plaintiff moved for entry of default against Defendant BFDF Medical which has yet to file an answer or otherwise appear in the action.  Plaintiff's Motion for Default at 1-2.  The court is unable to grant the relief Plaintiff requests in the motion for several reasons.

First, it is not clear from the record that Plaintiff ever effected service of process on BFDF Medical.  Although AUSA Moar has filed papers on behalf of Defendants, including BFDF Medical, *see*, *e.g.*, Dkt. 60 (entry indicating letter filed by AUSA Moar on behalf of, *inter alia*, BFDF Medical), nothing in either the record or in any of the documents filed by Moar indicates Moar actually represents BFDF Medical.  Further, it is not clear from the record what type of entity BFDF Medical is, *i.e.*, a federal government agency or entity, or a private corporate entity.  Significantly, if BFDF Medical is a federal governmental entity, the action is dismissed against BFDF Medical for the same reasons the action was dismissed against the United States of America.  *See* April 24, 2020 D&O (Dkt. 10) at 10 (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."), and *Albert v. Yost*, 431 Fed.Appx. 76, 81 ("A *Bivens* claim can be maintained only against individual federal officers, not against a federal entity.")).

Nevertheless, assuming *arguendo* BFDF Medical is not a governmental entity, but a private business, in either corporate or partnership form, nothing in the record establishes that BFDF Medical has been served or waived service as required by Fed.R.Civ.P. Rule 4(h), and, as such, has not been joined as a party to this action.

*Synergy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) ("'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))).  Moreover, because BFDF Medical is not a party to this action, Plaintiff may not obtain a default judgment against BFDF Medical. *See* Fed.R.Civ.P. 55(a) (providing for entry of default against a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . .").  Accordingly, Plaintiff's Motion for Default (Dkt. 86) is DENIED.

Further, because more than the 90 days to serve BFDF Medical have elapsed since the Amended Complaint was filed, as provided by Fed.R.Civ.P. 4(m), the action may be dismissed against BFDF Medical without prejudice to Plaintiff showing good cause for failing to timely serve BFDF Medical.  Nevertheless, although Rule 4(m) directs district courts to order dismissal "without prejudice" when based on a failure to timely serve process, Fed. R. Civ. P. 4(m), a district court may dismiss a case with prejudice where "[t]he problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it," *Black v. Vitello*, 841 Fed.Appx. 334, 336 (2d Cir. 2021) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Here, upon review of the Amended Complaint, it is "beyond doubt that [Plaintiff] can prove no set of facts in support of his claim which would entitle [Plaintiff] to relief [against BFDF Medical]." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  Because, as discussed, *see* Discussion, *infra*, at 24-25, further amendment of the Amended Complaint would not provide the court with subject matter jurisdiction over BFDF Medical, *see Black*, 841 Fed.Appx. at 336, regardless of

whether BFDF Medical is a government or private entity, any such amendment would thus be futile and Plaintiff will not be provided with an opportunity to demonstrate good cause for failing to timely serve BFDF Medical.

## 7.     Dismissal with Prejudice

With respect to Plaintiff's claims that are dismissed, "[a] *pro se* complaint 'should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Id*. (quoting *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991)); *see also* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Nevertheless, where amendment would be futile, as here, dismissal may be with prejudice and without leave to amend. *Chavis*, 618 F.3d at 170; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  In the instant case, because Plaintiff's claims are dismissed for lack of subject matter jurisdiction under *Bivens*, no amendment could render the claims viable and they are dismissed with prejudice and without leave to replead.   Further, the additional claim Plaintiff seeks to assert in his First Summary Judgment Motion are also against ICE Health Corps and the United States of America, *see* Dkt. 74 at 1, such that the claims are not cognizable in this court.  *Meyer*, 510 U.S. at 484-86 (holding United States and its agencies are immune from suit for constitutional torts and *Bivens* does not provide otherwise).[5]  Plaintiff thus is not permitted leave to replead these claims.

---

[5] Although not directly pertinent to Defendants' motions seeking dismissal, the court notes copies of Plaintiff's medical records for the relevant time period, filed under seal by Defendants, *see* Dkt. 16-1 in connection with an earlier motion filed by Plaintiff on April 20, 2020 (Dkt. 9), seeking injunctive relief, which motion was denied on June 1, 2020 (Dkt. 40) because Plaintiff was not likely to prevail on his Eighth Amendment claim, establish Plaintiff denied experiencing any symptoms of COVID-19 that warranted either testing or treatment.

## CONCLUSION

Plaintiff's First, Second, Third and Fourth Show Cause Motions (respectively, Dkts. 48, 52, 62, and 70) are DENIED; Plaintiff's First and Second Summary Judgment Motions (Dkts. 74 and 85) are DENIED; Slattery's Motion to Dismiss (Dkt. 46) is GRANTED; Feeley's Motion to Dismiss (Dkt. 63) is GRANTED; Feeley's Motion to Strike (Dkt. 78) is GRANTED; Plaintiff's Motion for Default (Dkt. 86), is DENIED; the Clerk of Court is directed to enter judgment in favor of Defendants and to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     July 12th, 2021
             Buffalo, New York

**Any appeal of this Decision and Order to the United States Court of Appeals for the Second Circuit, New York, New York, must be filed within thirty (30) days of the date of judgment in accordance with Fed.R.App.P. 4(a)(1)(A). A notice of appeal must be filed with the Clerk of this District Court as required by Fed.R.App.P. 3(a)(1). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed.R.App.P. 24(a)(3)(A), that any appeal from this Decision and Order would not be taken in good faith, and therefore the court denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 445-46 (1962). Any application for leave to appeal *in forma pauperis* must be made to the Second Circuit Court of Appeals in accordance with Fed.R.App.P. 24(a)(1), (4) & (5).**